UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DR. TANEIA L. GILES, Ed.D.,

      Plaintiff,

vs.

      Case No.
      Hon.

WALLED LAKE CONSOLIDATED SCHOOLS,
a Michigan public school district,

      Defendant.
_____/

James C. Baker (P62668)
Attorney for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
jbaker@sterlingattorneys.com

_____/

# COMPLAINT AND JURY DEMAND

Plaintiff Dr. Taneia L. Giles, Ed.D., by her attorney James C. Baker of Sterling Attorneys at Law, P.C., for her Complaint and Jury Demand against Defendant, Walled Lake Consolidated Schools, submits the following:

**JURISDICTION AND PARTIES**

1. This is an action for race and color discrimination, employment discrimination, and retaliation in violation 42 USC 1981 and Michigan's Elliott-

Larsen Civil Rights Act, MCL 37.2101 *et seq.*, arising out of Plaintiff's employment relationship with Defendant.

2. Plaintiff Dr. Taneia L. Giles, Ed.D. ("Plaintiff," or "Dr. Giles") resides in Novi, Oakland County, Michigan, in the Eastern District of Michigan.

3. Defendant Walled Lake Consolidated Schools, ("Defendant," "Schol District," or "Walled Lake") is a Michigan public school district that maintains its primary location and a principal place of business in Walled Lake, Oakland County Michigan, in the Eastern District of Michigan.

4. Plaintiff was employed by Defendant as the Principal of Defendant's Wixom Elementary School, the location out of which Plaintiff worked until she was placed on non-disciplinary administrative leave.

5. From the time Plaintiff was placed on leave until her employment was terminated, Plaintiff attended to her work and leave related duties through her Novi home, and through Defendant's Walled Lake business location.

6. The events giving rise to this cause of action occurred within the Eastern District of Michigan.

7. This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 USC 1343 (civil rights) and 28 USC 1367 (supplemental jurisdiction).

## BACKGROUND FACTS

8. Plaintiff is an African-American woman of color who is Black.

2

9. Plaintiff became Defendant's employee in September 2024 and her employment was involuntarily terminated by Defendant on April 25, 2025.

10. Preceding her termination, and for the relevant times hereto, Dr. Giles' job title was Principal.

11. While employed, Dr. Giles was one of a few Black African-American candidates, administrators, and/or principals, the majority of the people serving in those levels within Walled Lake supervision and management were Caucasian.

12. Beginning with the start of the 2024/2025 school year, Dr. Giles experienced hostility from staff, teachers, and parents within the Walled Lake School District based on her race and color.

13. Her first experience with race and color-based conduct occurred during the lead up and vote to approve her employment and contract by the school board.

14. Dr. Giles was presented with information from a representative of the School District suggesting at least two (2) Board members were going to vote against her employment, and that those two (2) Board members were motivated to vote that way because of her race and color.

15. The vote was consistent with what Dr. Giles was told: two (2) Board members voted against her.

16. However, the majority approved her contract and she became a Walled Lake employee.

17. Thereafter, almost immediately at the start of the 2024/2025 school year, Plaintiff experienced conduct by school staff and teachers that created a difficult work environment.

18. The conduct by certain staff directed at Dr. Giles, including openly stating "I'm going to get her fired," was motivated by Dr. Giles' race and color.

19. The actions by staff and teachers included conduct by parents of Walled Lake students to make Dr. Giles' job as principal of Wixon Elementary exceedingly difficult.

20. Dr. Giles' race and color were the motivating factors behind the conduct of certain staff, teachers, and parents, such that the treatment created a hostile work environment for her.

21. As a result, Dr. Giles brought her concerns and experiences to the attention of Defendant's Deputy Superintendent for Human Resources, including evidence from other teachers and staff that supported the existence of a hostile work environment based on Dr. Giles' race and color.

22. On separate occasions, two staff members independently met with Defendant's Deputy Superintendent for Human Resources to report the toxic and disruptive behavior directed at Plaintiff that was witnessed during staff meetings and daily interactions.

23. The Deputy Superintendent was specifically made aware of a staff member stating "I'm going to get [Dr. Giles] fired."

24. Defendant allowed the hostile work environment to continue with no attempt to implement a corrective action plan; thus, those engaged in creating and maintaining a hostile environment directed at Dr. Giles were emboldened to continue their toxic efforts.

25. After she formally raised her concerns internally, Dr. Giles was placed on paid, non-disciplinary administrative leave through the duration of the school year.

26. That administrative leave removed Dr. Giles physically from Wixom Elementary, and removed her from performing the duties of her job as Principal of Wixom Elementary.

27. There was no performance-based reason for the School District to place Dr. Giles on administrative leave other than (a) to placate those staff, teachers, and parents who created and perpetuated a racially-motivated hostile work environment against Plaintiff, and/or (b) retaliate against Dr. Giles for raising her concerns that she was being targeted because of her race.

28. When Dr. Giles was placed on leave, staff, teachers, and/or parents celebrated Walled Lake's employment action, including having lawn signs created and displayed celebrating Dr. Giles' adverse employment action.

5

29. While on leave, Dr. Giles was instructed to perform certain tasks, but was never given the opportunity or ability to perform those assigned tasks, which was retaliation for reporting the work environment.

30. On March 21, 2025, Plaintiff was told the School District was recommending the Board of Education not renew her employment contract.

31. By a vote of 5-0, with two Board members not present, the motion not to renew Dr. Giles' employment contact was approved, and effective June 30, 2025, Plaintiff's employment relationship with Walled Lake Consolidated School District ended.

32. The action taken to not renew her employment contract adversely affected Dr. Giles' ability to secure replacement employment as a principal within another school district, such that she was forced to take a reduced position despite having received her Doctorate in Education.

33. Defendant treated Plaintiff differently because of her race and color, including what has been outlined herein.

34. Defendant was aware of the hostile work environment that existed within Wixom Elementary against Plaintiff.

35. Despite being aware of the hostile work environment, Defendant did nothing to remedy the environment, adding to the existence and duration of the hostile work environment.

Case 2:25-cv-12624-LVP-KGA   ECF No. 1, PageID.7   Filed 08/21/25   Page 7 of 11

36. After Plaintiff reported the actions that created the hostile work environment, Defendant did nothing to alleviate or address Plaintiff's and others' reports, and instead engaged in further discrimination based on race and color by placing Plaintiff on leave; effectively terminating her from her employment as Principal.

37. Despite her leave being a paid leave, Plaintiff opportunity to continue as Principal within the School District was eviscerated such that the District proposed her contract not be renewed.

38. Defendant, by its agents, engaged in unfair and discriminatory treatment against Plaintiff; the treatment was unfair and motivated by Plaintiff's race and color.

39. Defendant, by its agents, retaliated against Plaintiff; the retaliation was motivated by Plaintiff's race and color and in response to her reporting her experiences of a hostile work environment and discrimination, such that the retaliation culminated in Plaintiff's unjustified termination.

## COUNT I

## DISCRIMINATION AND RETALIATION VIOLATING 42 USC 1981

40. Plaintiff incorporates the preceding paragraphs by reference.

41. At all material times, Plaintiff was an employee and Defendant was her employer, covered by and within the meaning of 42 USC 1981.

7

42. Defendant, by its agents, engaged in discriminatory employment practices based on race and color.

43. Defendant treated Plaintiff differently, and subjected her to an unwarranted leave and termination with race and color being motivating factors.

44. Defendant was predisposed to discriminate against Plaintiff on the basis of her race and color, and acted in accordance with that predisposition.

45. Defendant relies on pretext to support the decisions to place her on leave and to not renew her contract.

46. Further predisposition to discriminate is evidenced by Defendant refusing to respond to the complaints of a Black employee, instead placating to the Caucasian staff, teachers, and parents in the Walled Lake School District.

47. The discriminatory practices at issue were intentional and willful, and engaged in with malice or with reckless indifference to the rights and sensibilities of Plaintiff.

48. As a direct and proximate result of those actions, the terms, conditions and privileges of Plaintiff's employment were adversely affected, she was selected for pretextual leave and termination.

49. As a direct and proximate result of the Defendant's wrongful and discriminatory treatment of Plaintiff, she has suffered injuries and damages, including, but not limited to, loss of past, present, and future earnings and earning capacity; loss of the value of fringe and other benefits; mental and

emotional distress, including anxiety and mental anguish; humiliation and embarrassment; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful employment.

## COUNT II

### RACE DISCRIMINATION AND RETALIATION
### IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

50. Plaintiff incorporates the preceding paragraphs by reference.

51. At relevant times, Plaintiff was an employee and Defendant was her employer covered by and within the meaning of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

52. Michigan's Elliott-Larsen Civil Rights Act prohibits discrimination on the basis of race.

53. Defendant, by its agents, engaged in racist behaviors, including the creation and maintenance of a hostile work environment motivated by race.

54. Defendant also engaged in racist behaviors by refusing to take action after Plaintiff complained about racism in the workplace, by refusing to take action when presented with evidence of race-based conduct, by placing Plaintiff on pretextual administrative leave, and by terminating Plaintiff's employment under the pretext of board-approved non-renewal of an employment contract.

55. Defendant's adverse employment actions toward Plaintiff were made based on pretext and impermissible considerations of Plaintiff's race.

56. Defendant, by its agents, was predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

57. Defendant's actions were intentional and engaged in with reckless disregard for Plaintiff's rights.

58. Defendant retaliated against Plaintiff after Plaintiff reported the racially-motivated hostile work environment that existed and involved her.

59. As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, she has suffered injuries and damages, including but not limited to, loss of past, present, and future earnings and earning capacity; loss of the value of fringe and other benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful employment.

## RELIEF REQUESTED

Wherefore, for the foregoing reasons, Plaintiff Dr. Taneia L. Giles requests judgment against Defendant as follows:

1. Compensatory damages – economic damages (lost wages, benefits, etc.) and non-economic damages (garden variety/other emotional distress, anger, frustration, etc.) in the amount she is entitled;

2. Exemplary damages in the amount she entitled;

10

3. Punitive damages in the amount she is entitled; and

4. Whatever other legal relief appropriate at the time of final judgment including but not limited interest, costs, attorney fees as an element of damages, and statutory attorney fees and costs.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/ James C. Baker
James C. Baker (P62668)
Attorney for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
jbaker@sterlingattorneys.com

Dated: August 20, 2025